AO 91 (Rev. 11/82)

# CRIMINAL COMPLAINT

| UNITED STATES DISTRICT COURT | CENTRAL DISTRICT OF CALIFORNIA |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>ANTHONY BANUELOS | DOCKET NO.<br><br>MAGISTRATE'S CASE NO.<br>16-0394M<br><br>FILED<br>CLERK U.S. DISTRICT COURT<br>FEB 24 2016<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY _____ DEPUTY |

Complaint for violation of Title 18, United States Code, Section 922(g)(1)

| NAME OF MAGISTRATE JUDGE | UNITED STATES MAGISTRATE JUDGE | LOCATION<br>Los Angeles, California |
|---|---|---|
| DATE OF OFFENSE<br>January 29, 2016 | PLACE OF OFFENSE<br>Los Angeles County | ADDRESS OF ACCUSED (IF KNOWN) |

COMPLAINANT'S STATEMENT OF FACTS CONSTITUTING THE OFFENSE OR VIOLATION:

[18 U.S.C. § 922(g)(1)]

On or about January 29, 2016, in Los Angeles County, within the Central District of California, defendant ANTHONY BANUELOS knowingly possessed a firearm, namely a Smith & Wesson model unknown .38 Special caliber revolver, bearing serial number 322914, in and affecting interstate commerce.

Such possession occurred after defendant BANUELOS had been convicted of a felony crimes punishable by a term of imprisonment exceeding one year, namely, (1) Domestic Violence with Injury, in violation of California Penal Code Section 273.5(A) and Assault with a Deadly Weapon (not a Firearm), in violation of California Penal Code Section 245(A)(1), in the State of California, Los Angeles County, case number KA095636, on or about October 6, 2011 and (2) Identity Theft, in violation of California Penal Code Section 530.5(A), in the State of California, Los Angeles County, case number KA103403, on or about November 5, 2013.

BASIS OF COMPLAINANT'S CHARGE AGAINST THE ACCUSED:

(See attached affidavit which is incorporated as part of this Complaint)

MATERIAL WITNESSES IN RELATION TO THIS CHARGE: N/A

| Being duly sworn, I declare that the foregoing is true and correct to the best of my knowledge. | SIGNATURE OF COMPLAINANT<br>TIFFANY LAMPHERE |
|---|---|
| | OFFICIAL TITLE<br>Special Agent, Bureau of Alcohol, Tobacco, Firearms and Explosives |

Sworn to before me and subscribed in my presence,

| SIGNATURE OF MAGISTRATE JUDGE[(1)] | DATE<br>February 24, 2016 |
|---|---|

[(1)] See Federal Rules of Criminal Procedure 3 and 54

AUSA Devon Myers x0649    REC: Detention

## AFFIDAVIT

I, Tiffany Lamphere, being duly sworn, declare and state as follows:

### I. INTRODUCTION

1. I am a Special Agent ("SA") with the Bureau of Alcohol, Tobacco, Firearms and Explosives (hereinafter, "ATF") and have been so employed since January 2015. As part of my training, I attended the Criminal Investigator and Special Agent Basic Training Academies for ATF at the Federal Law Enforcement Training Center in Glynco, Georgia for approximately 26 weeks. Prior to my employment with ATF, I was a Border Patrol Agent with Customs and Border Protection in McAllen, Texas from 2013 to 2015. As part of my training, I attended the Border Patrol Academy at the Federal Law Enforcement Training Center in Artesia, New Mexico for approximately 20 weeks. I am currently assigned to the Glendale I Field Office of the Los Angeles Field Division of ATF, which conducts investigations into violations of federal firearms, explosives, and narcotics laws.

2. My experience as an ATF Agent includes, but is not limited to, conducting physical surveillance, executing search and arrest warrants, and participating in controlled drug/gun purchase operations using informants. I have received training in, and I am experienced in, the investigation of violations of federal law.

### II. PURPOSE OF AFFIDAVIT

3. This affidavit is made in support of a criminal complaint against and an arrest warrant for Anthony BANUELOS

i

("BANUELOS") for a violation of Title 18, United States Code, Section 922(g)(1): Felon in Possession of a Firearm.

4. Unless otherwise stated, the facts set forth in this affidavit are based upon my personal observations; my training and experience; oral and written reports about this and other investigations, which I have received from other federal agents and other law enforcement agencies; my review of audio and video recordings related to this investigation; and physical surveillance conducted by federal agents or local law enforcement agencies, which has been reported to me either directly or indirectly. Unless otherwise noted, when I assert that a statement was made, I have either heard the statement directly or listened to a recording of the statement, or the statement was reported to me by another law enforcement officer, either directly or in a written report. This affidavit is intended to show that there is sufficient probable cause for the requested complaint and arrest warrants, and does not purport to set forth all of my knowledge of or investigation into this matter.

### III. SUMMARY OF PROBABLE CAUSE

5. On January 29, 2016, Azusa Police Department ("AZPD") officers responded to reported burglary activity on the 700 block of W. Virginia Ann Drive, in Azusa, California. When the officers arrived, they contacted BANUELOS and woman in the front yard of 730 W. Virginia Ann Drive, and two men in a nearby Chevrolet Silverado pickup truck. During the investigation that ensued, BANUELOS provided consent to search his person, after

which five .38 caliber rounds of ammunition were discovered. Officers also located a .38 caliber Smith & Wesson revolver in the map pocket of the driver's side door of the pickup truck. During a subsequent <u>Mirandized</u>, audio and video recorded interview, BANUELOS admitted that the revolver belonged to him.

## IV. STATEMENT OF PROBABLE CAUSE

A.  Azusa Police Department Responds to Suspected Burglary

6.  Based on my review of law enforcement reports, discussion with AZPD Officers, and my own observations and knowledge of the investigation, I am aware of the following:

    a.  On January 29, 2016, at approximately 7:03 a.m., AZPD Sergeant John Madaloni and Corporal Tommy Avila responded to a call from a neighbor regarding suspicious activity on the 700 block of W. Virginia Ann Drive, in Azusa, California. The reporting neighbor stated that people were going back and forth between the side yard of a house and a silver Chevrolet pickup truck. The neighbor believed that these people were burglarizing that house and described the people as male, white or Hispanic, approximately 20 years old, with one individual wearing a brown hooded sweatshirt, and some occupants in the Silver pickup truck.

    b.  Upon his arrival, Corporal Avila of the AZPD found a man and woman in the front yard of 730 W. Virginia Ann Drive, Azusa, California. I spoke with Detective Seth Chapman who told me that he believes Corporal Avila recognized BANUELOS from BANUELOS's previous contacts with law enforcement. Corporal Avila also identified the woman with BANUELOS as

3

Darlene Martinez ("Martinez"). Martinez was wearing a brown hooded sweatshirt. Corporal Avila then noticed a silver/champagne colored 2001 Chevrolet Silverado parked on W. Virginia Ave Dr., just west the front yard of 730 W. Virginia Ann Dr., and bearing Kansas license plate number 659GPH. The registered owner of the truck was later determined to be Paul Medina ("Medina"), who was in the truck that day, with an address of 2030 N. 5th Street, Salina, Kansas 67401.

       c.    Based on the reports of the suspected burglary, AZPD officers detained BANUELOS and Martinez pending further investigation.

    **B.**    **Investigation of the Silver Pickup Truck**

    7.    Based on my review of law enforcement reports, discussion with Azusa Police Department Officers, and my own observations and knowledge of the investigation, I am aware of the following:

       a.    When Sergeant Madaloni arrived at 730 W. Virginia Ann Dr., he approached the Chevrolet Silverado truck and found two occupants seated in the back of the passenger cab. The occupants of the truck were later identified as Ruben Rojas ("Rojas") and Medina.

       b.    As Corporal Avila moved to join Sergeant Madaloni at the pickup truck, he noticed the bed of the truck was filled with items common to the inside of a residence, including a flat screen television and clothing. Corporal Avila also noticed that part of the rear passenger window of the truck was obscured.

      c.    Sergeant Madaloni ordered Medina and Rojas out of the truck. In response, Medina stated that the doors of the truck were locked, the truck's remote key was needed to unlock the doors, and that Martinez had the key.

      d.    Corporal Avila turned to Martinez, who was seated on a nearby curb, and asked if she had the keys to the Chevrolet Silverado truck. Martinez said she did have the keys, removed them from her purse, and handed the keys to Corporal Avila. Corporal Avila used these keys to unlock the doors to the truck.

      e.    When Corporal Avila opened the passenger side door of the truck to let Rojas and Medina out, he noticed the handle of a handgun in a holster in the door's interior map pocket. For officer safety, Corporal Avila secured the handgun.

      f.    When the officers logged the handgun into evidence, they determined it was a .38 caliber Smith and Wesson revolver, bearing serial number 322194, and loaded with four rounds of Federal .38 caliber ammunition and one round of Remington .38 caliber ammunition.

    **C.**    **BANUELOS Found in Possession of .38 Caliber Ammunition**

    8.    Based on my review of law enforcement reports, discussion with Azusa Police Department Officers, and my own observations and knowledge of the investigation, I am aware of the following:

      a.    With BANUELOS, Martinez, Rojas, and Medina detained pending further investigation, Sergeant Madaloni requested the assistance of additional officers. In response, Officer Fernando Vasconcelos arrived at 730 W. Virginia Ann

Drive, Azusa, California. Upon his arrival, Officer Vasconcelos asked BANUELOS if he had any contraband in his possession. BANUELOS stated he did not and gave Officer Vasconcelos consent to search him. During the search of BANUELOS, Officer Vasconcelos found five rounds of Federal .38 caliber ammunition in the front right pocket of BANUELOS's pants. The live ammunition rounds found in BANUELOS's pocket matched the caliber of the revolver found in the Chevrolet Pickup truck.

    b. AZPD officers then determined BANUELOS to be on active Post Release Community Supervision ("PRCS") for a prior felony conviction and to have an outstanding arrest warrant for a PRCS violation. Based on his status as a convicted felon and his possession of ammunition, AZPD officers arrested BANUELOS for being a felon in possession of ammunition.

    D.    **BANUELOS Admits to Possession of Revolver Found in Chevrolet Silverado Pickup Truck**

    9. Based on my review of law enforcement reports, discussion with Azusa Police Department Officers, review of audio and video recordings in this case, and my own observations and knowledge of the investigation, I am aware of the following:

    a. I spoke with Detective Chapman who explained that shortly after arrest, on January 29, 2016, one of the Azusa Police Department jailers fingerprinted BANUELOS. Those fingerprints were sent to the Department of Justice and the Department of Justice confirmed BANUELOS's identity through his fingerprints.

6

      b.    On January 29, 2016, at approximately 12:30 p.m., Corporal Avila met with BANUELOS inside the Azusa Police Department Jail interview room. Prior to questioning BANUELOS, Corporal Avila read BANUELOS his Miranda Rights via the AZPD Notification of Rights form, which BANUELOS signed and said he understood. BANUELOS agreed to speak with Corporal Avila. The interview was audio and video recorded. Corporal Avila stated, "You had the ammunition in your pocket." BANUELOS replied, "Yeah." Later BANUELOS stated, "The firearm is mine. Nobody else's. It's mine." When Corporal Avila asked him from where he obtained the revolver, BANUELOS replied, "Found it," and further explained that he found the revolver near the river. Corporal Avila asked BANUELOS how long the gun had been in his possession, and BANUELOS replied, "The last two days." When Corporal Avila asked BANUELOS if he was taking the rap for the gun for the others, BANUELOS shook his head to indicate no.

      E.    **Subsequent Investigation Into BANUELOS's Criminal History and the Firearm**

    10.    On February 19, 2016, I reviewed a Consolidated Criminal History Report for BANUELOS and obtained certified conviction documents, which indicate that:

      a.    On or about March 3, 2010, in the State of California, Los Angeles County, case number 0JB02706, BANUELOS was convicted of a misdemeanor violation of California Penal Code Section 273.5(A), Domestic Violence w/Injury.

      b.    On or about October 6, 2011, in the State of California, Los Angeles County, case number KA095636, BANUELOS

was convicted of felony violations of California Penal Code Sections 273.5(A), Domestic Violence w/Injury, and 245(A)(1), Assault w/Deadly Weapon-not Firearm.

    c. On or about November 5, 2013, in the State of California, Los Angeles County, case number KA103403, BANUELOS was convicted of a felony violation of California Penal Code Section 530.5(A), Identity Theft.

    11. On February 24, 2016, I reviewed a Report of Investigation prepared by ATF SA David Hamilton, who is an interstate nexus determinations expert, and who has been employed by ATF since July 2000. Based on my review of SA Hamilton's report I am aware of the following:

    a. The Smith & Wesson .38 Special caliber revolver bearing serial number 322914 was manufactured by Smith & Wesson in Springfield, Massachusetts. In order for this firearm to be recovered in California, it had to have moved in interstate commerce.

    b. The five rounds of .38 Special caliber ammunition with headstamps "FEDERAL," which Officer Vasconcelos recovered from BANUELOS's pocket, were manufactured by Federal Ammunition in Anoka, Minnesota. In order for this ammunition to be recovered in California, it had to have moved in interstate commerce.

    c. The four rounds of .38 Special caliber ammunition with headstamps "FEDERAL," which were in BANUELOS's firearm, were manufactured by Federal Ammunition in Anoka, Minnesota. In

order for this ammunition to be recovered in California, it had to have moved in interstate commerce.

    d. The one round of .38 Special caliber ammunition with headstamp "R-P," which was in BANUELOS's firearm, was manufactured by the Remington Arms Company in Lonoke, Arkansas or Bridgeport, Connecticut.  In order for this ammunition to be recovered in California, it had to have moved in interstate commerce.

//

//

## V. CONCLUSION

12. For all the reasons described above, there is probable cause to believe that BANUELOS has committed a violation of 18 U.S.C. § 922(g) (Felon in Possession of a Firearm).

_____
TIFFANY LAMPHERE
Special Agent
Bureau of Alcohol, Tobacco,
Firearms and Explosives

Subscribed to and sworn before me
this 24th day of February, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

10