EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
JULIAN L. ANDRÉ (Cal. Bar No. 251120)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6683
     Facsimile: (213) 894-0141
     E-mail:    julian.l.andre@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 16-297-DMG |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION |
| v. | Hearing Date: October 26, 2016<br>Hearing Time: 3:00 p.m. |
| ANTHONY JUNIOR BANUELOS, | Location:     Courtroom of the<br>               Hon. Dolly M. Gee |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Julian L. André, hereby files its Sentencing Position.

This Sentencing Position is based upon the attached Memorandum of Points and Authorities, the Presentence Report ("PSR"), the files and records in this case, and such further evidence and argument as the Court may permit. The government respectfully requests the

///

///

opportunity to supplement its position or otherwise respond to defendant as may become necessary.

Dated: October 13, 2016

Respectfully submitted,

EILEEN M. DECKER
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division


  /s/
JULIAN L. ANDRÉ
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

On July 25, 2016, defendant Anthony Junior Banuelos ("defendant") pleaded guilty pursuant to a written plea agreement to the single-count indictment in <u>United States v. Banuelos</u>, No. CR 16-297-DMG, charging him with being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), (9).

On September 19, 2016, the United States Probation Office ("USPO") disclosed its Presentence Investigation Report ("PSR") in this matter.  (CR 31.)  As detailed in the PSR, the USPO has determined that the total applicable offense level is 17 and that defendant's prior conduct falls within criminal history category VI, resulting in a United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") range of 51 months' to 63 months' imprisonment.  The government does not object to the USPO's calculations of defendant's offense level and criminal history category.

For the reasons set forth below, the government recommends a low-end sentence of 51 months' imprisonment, to be followed by a three-year term of supervised release, and a $100 special assessment.

**II.   FACTUAL BACKGROUND**

On January 29, 2016, at approximately 7:00 a.m., officers from the Azusa Police Department ("APD") responded to a report of suspicious activity on the 700 block of W. Virginia Ann Dr. in Azusa, California.  (PSR ¶ 11.)  The reporting party noticed several individuals going to and from the side yard of a house to a silver Chevrolet pickup truck, and believed that a burglary was taking place.  (PSR ¶ 11.)

After arriving at the scene, APD officers observed two individuals, including defendant, standing near the front yard of 730 W. Virginia Ann Dr., and another two individuals seated in the rear cabin (i.e., the back passenger seats) of a silver-colored 2001 Chevrolet Silverado pickup truck with Kansas license plate number xxxGPH (the "truck"). (PSR ¶ 12.) While attempting to detain the two suspects seated in the rear cabin of the truck, one of the APD officers opened the front passenger-side door of the truck. (PSR ¶ 13.) The APD officer immediately saw in the map pocket of the front passenger-side door a firearm pointed downward. (PSR ¶ 13.) The firearm was a Smith & Wesson .38 caliber revolver, bearing serial number 322914, loaded with four rounds of Federal .38 caliber SPL ammunition and one round of Remington Arms .38 caliber SPL+P ammunition. (PSR ¶ 14.)

During a subsequent search of the truck, APD found in the front passenger seat of the truck a black backpack containing mail addressed to defendant and men's clothing. (PSR ¶ 15.) APD also conducted a consensual search of defendant's person and found five rounds of Federal .38 caliber SPL ammunition in defendant's right-front pants' pocket, which matched the ammunition loaded in the Smith & Wesson revolver. (PSR ¶ 16.)

Defendant admitted that he knowingly possessed the loaded Smith & Wesson .38 caliber revolver found in the truck because he knew that the firearm was in the truck and had the power and intention to control the firearm. (See CR 27.) Defendant also admitted that he knowingly possessed and had physical control of the five rounds of ammunition found in his right-front pants' pocket. (See CR 27.)

At the time defendant possessed the Smith & Wesson .38 caliber revolver bearing serial number 322914, the nine rounds of Federal .38 caliber SPL ammunition, and the one round of Remington Arms .38 caliber SPL+P ammunition, defendant had been convicted of the following two crimes, each punishable by a term of imprisonment exceeding one year:

    (1)    Domestic Violence with Injury, in violation of California Penal Code Section 273.5(A), in the Superior Court of the State of California, County of Los Angeles, case number KA095636, on or about October 6, 2011;

    (2)    Identity Theft, in violation of California Penal Code Section 530.5(A), in the Superior Court of the State of California, County of Los Angeles, case number KA103403, on or about November 5, 2013.

(PSR ¶ 18.)

Additionally, at the time defendant possessed the firearm and ammunition, defendant had been convicted of a misdemeanor crime of domestic violence, namely, Infliction of Corporal Injury on a Spouse or Cohabitant, in violation of California Penal Code Section 273.5 in the Superior Court of the State of California, County of Los Angeles, case number 0JB02706, on or about March 30, 2010.  (PSR ¶ 18.)

**III. THE PRESENTENCE REPORT**

On September 19, 2016, the USPO disclosed the PSR for defendant. (CR 33.)  The PSR calculated a total offense level of 17 based on the following calculation:

  Base Offense Level:                  20    U.S.S.G. § 2K2.1(a)(4)(a)

1 | Acceptance of Responsibility[1]   -3         U.S.S.G. § 3E1.1
(PSR ¶¶ 25-41.)  The government concurs in the USPO's calculation of the offense level, which is consistent with the calculations contained in the parties' plea agreement.  (CR 27.)

The USPO calculated defendant's criminal history category as VI, based on 13 criminal history points.  (PSR ¶¶ 36-47.)  Defendant has, however, argued that his criminal history category should be V under U.S.S.G. § 4A1.3(b)(1).  The government concurs in the USPO's calculation of defendant's criminal history category, and takes no position regarding defendant's argument under U.S.S.G § 4A1.3(b)(1).

With an offense level of 17 and a criminal history category of VI, the USPO calculated the Guidelines imprisonment range as 51 to 63 months.  (PSR ¶ 79.)  The government concurs that this is the accurate Guidelines sentencing range.

The government defers to the USPO with respect to its conclusion in the PSR that defendant would be unable to pay a fine at present or in the foreseeable future, and the USPO's recommendation that the fine should be waived.  (CR 31.)

**IV.  THE GOVERNMENT'S SENTENCING POSITION**

The government believes that a sentence of 51 months' imprisonment to be followed by a three-year term of supervised release, is sufficient, but not greater than necessary, to achieve the purposes set forth in 18 U.S.C. § 3553(a).

---

[1] Pursuant to U.S.S.G. § 3E1.1(a), a two level decrease is applied for acceptance of responsibility.  Pursuant to U.S.S.G. § 3E1.1(b), upon motion of the government, an additional one level decrease can be applied by the defendant timely notifying the government of his intention to enter a plea of guilty.  At this time, the government moves for the additional one level reduction pursuant to U.S.S.G. § 3E1.1(b).

4

First, a 51-month sentence is appropriate considering defendant's history and characteristics.  This is not defendant's first run in with law enforcement.  Defendant has a lengthy criminal history dating back to 2003, including two domestic violence offenses. (PSR ¶ 36-44.) Defendant has had multiple opportunities to get his life back on track, yet has repeatedly failed to do so.

Second, a 51-month sentence is necessary to achieve specific deterrence and protect the public from future crimes of defendant. As noted in the PSR, defendant was on probation at the time of the instant offense.  (PSR ¶ 44.)  Additionally, it appears that this is not the first time that defendant has violated the conditions of his probation or parole.  (See PSR ¶¶ 42, 43.)  Defendant's conduct while on probation suggests that the government's recommended sentence is necessary to ensure that defendant does not continue to engage in criminal conduct once he is released from custody.

Third, the recommended sentence of 51 months' imprisonment would promote respect for the criminal laws, by deterring others felons from possessing firearms.  Such a sentence would also be consistent with sentences received by other similarly situated defendants convicted in this District of violating 18 U.S.C. § 922(g)(1), and would thus avoid unwarranted sentencing disparities.

Finally, the government recognizes the presence of certain mitigating factors here, including the fact that defendant appears to have had a very difficult childhood.  (See, e.g., PSR ¶¶ 55-56.) Defendant also expressed a desire to take full responsibility for his conduct early in this case.  The government has taken these mitigating factors into account and believes that they support the

5

government's recommended sentence at the low-end of the Guidelines range.

## V. CONCLUSION

For the foregoing reasons, the government believes that a sentence of 51 months' imprisonment, followed by a three-year term of supervised release, and a $100 special assessment is sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553(a).